UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

JAYME FUENTES

        Plaintiff,

v.

FAMILY RESOURCE CENTER OF SOUTH
FLORIDA, INC., A Florida Not for Profit
Corporation

        Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, FAMILY RESOURCE CENTER OF SOUTH FLORIDA, INC. ("Defendant"), by and through its undersigned attorney, files this Notice of Removal pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1331, 1367, 1441 and 1446, and states as follows:

1. On March 27, 2019, Plaintiff filed the above-styled action in the Circuit Court of the 11th Judicial District of Florida as Case Number 2019-006162-CA-01. Plaintiff's claims arise from allegations of breach of contract and unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 - 209 ("FLSA").

2. Defendant provides this notice of removing the action from the 11th Judicial Circuit of Florida to this Court. Removal is proper under 28 U.S.C. § 1441(a) because the Court has federal question jurisdiction.

3. Defendant was served with a Summons and the Complaint on April 8, 2019. Defendant notified its insurance carrier for the notification of the appointment of defense counsel.

Undersigned counsel was notified of this matter by Defendant's insurance carrier on May 8, 2019. Undersigned immediately contacted Plaintiff's counsel to advise of the appearance and request a brief extension of time to respond. Plaintiff's counsel had no objection to allowing the extension of time to respond by May 24, 2019 provided a Notice of Appearance was filed. *See attached Composite Exhibit A (correspondence with counsel and the Notice of Appearance)*.

### Revival Exception Applies as Defendant was Unrepresented for 30 days after Service

4. Defendant was unrepresented for the first 30 days of this lawsuit. Although this notice has been filed 15 days outside of the 30 days of service on Defendant as per 28 U.S.C. § 1446(b)(1), courts have recognized limited exceptions allowing removal. *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 966 1982 U.S. App. LEXIS 22314, "[t]he intelligent decision of particular cases requires instead a sensitivity to the purposes of both the 30-day limitation and its judicially engrafted exception." In *Wilson*, the court recognized that there may be circumstances where an extension of time outside the time limit is warranted and decision importantly notes what factors should be considered, which is instructive in the instant matter

> The defendants chose not to remove. They must have regretted this decision as they saw the case progress through the state-court system favorably to Wilson. Then Wilson (or rather his attorney) made what must have seemed to the defendants a colossal tactical blunder: amending the complaint to add a scattershot of new federal claims that no doubt struck the defendants (as they struck the district court) as insubstantial, and thereby reviving their right to remove and giving them a chance to escape from what had turned out to be an unfavorable state forum.

*Id.* at 965 (emphasis added). Unlike the instant case, in *Wilson*, Defendants, in consultation with counsel, made a knowing and intelligent waiver of the right to file a notice of removal.

5. In the instant case, Defendant did not have counsel until after the 30-day time limit had passed. During the first 30 days from the date of service, Defendant did not have counsel to

consider the choice of removal or to weigh the strategic options. The *Wilson* decision leaves open the door for courts to consider exceptions and rightly notes that "[t]he right to revive must be determined in each case with reference to its purposes and those of the 30-day limitation on removal to which it is an exception, and against a background of general considerations relating to the proper allocation of decision-making responsibilities between state and federal courts." *Id*.

6. In the instant case, Plaintiff granted Defendant time to respond to the Complaint. This notice is filed before a responsive pleading has been filed and within the period of the parties' agreed extension. The application of the *Fletcher* test is applicable here. *Fletcher v. Hamlet*, 116 U.S. 408, 6 S. Ct. 426, 29 L. Ed. 679 (1886). Courts have allowed an exception to the statutory deadline when a "plaintiff files an amended complaint that so changes the nature of his action as to constitute "substantially a new suit begun that day." *Id*. at 410.  *See* 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3732, at 727-29 (1976); *Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir. 1956) and *Johnson v. Heublein, Inc.*, 982 F. Supp. 438, 1997 U.S. Dist. LEXIS 16958. This agreed extension revives Defendant's a right of removal. The extension is akin to beginning the suit that day and revived Defendant's right to removal. See *Powers v. Chesapeake & Ohio Railway Co.*, 169 U.S. 92, 100-01, 18 S. Ct. 264, 42 L. Ed. 673 (1898)(removal should be sought "as soon as the action assumes the shape of a removable case").

7. Removal is sought based on federal question jurisdiction. Plaintiff will not be prejudiced by construing the facts to allow a revival exception. The interests of justice, fairness and access to appropriate remedies are served by allowing the revival exception.

## Federal Question Jurisdiction

8. Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A defendant

may remove any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

9. Plaintiff's Complaint charges defendant with one count of violating 29 U.S.C. § 201 – *et seq*. The Court has original jurisdiction over these federal claims, allowing for removal of the action. The three other counts in the Complaint allege common law violations seeking equitable remedies.

### Venue

10. Venue in the Miami division of the Southern District of Florida is proper.

### Attachment of State-Court Filings

11. In accordance with 28 U.S.C. § 1446(a), attached to this motion as Exhibit B are true and correct copies of all process, pleadings and orders that have been filed in the state court to date.

12. There are no motions or oppositions currently pending in the state court and therefore no copies to attach as otherwise required by Southern District, Fla. Local Rule 7.2.

13. In removing this action, Defendants do not waive any available defenses or admit any of the Complaint's allegations.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of May, 2019, a true and correct copy of the foregoing was filed electronically via CM/ECF, which will send an automatic e-mail message to the following parties:  Peter M. Hoogerwoerd, Esq., Remer & Georges-Pierre, PLLC, pmh@rgpattorneys.com, 44 West Flagler Street, Suite 2200, Miami, FL 33130, Attorney for Plaintiff, Jayme Fuentes.

                Respectfully submitted,

                COLE, SCOTT & KISSANE, P.A.
                *Counsel for Defendant,* FAMILY RESOURCE CENTER OF SOUTH FLORIDA, INC.
                Cole, Scott & Kissane Building
                9150 South Dadeland Boulevard, Suite 1400
                P.O. Box 569015
                Miami, Florida 33256
                Telephone (786) 268-6415
                Facsimile (305) 373-2294
                Primary e-mail: frances.allegra@csklegal.com
                Secondary e-mail: cody.german@csklegal.com
                Alternate e-mail:  ellie.wizzard@csklegal.com

By:   s/ Frances P. Allegra
       FRANCES P. ALLEGRA
       Florida Bar No.:  881368
       JOHN CODY GERMAN
       Florida Bar No.:  58654